IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

AARON BRANDON WILLIS,       :        PRISONER CIVIL RIGHTS
GDC No. 1212421,            :        42 U.S.C. § 1983
    Plaintiff pro se,       :
                            :
    v.                      :
                            :
SHAY HATCHER, et al.,       :        CIVIL ACTION NO.
    Defendants.             :        4:12-CV-287-HLM-WEJ

**ORDER AND
<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

Plaintiff pro se, Aaron Brandon Willis, presently confined at Ware State Prison

in Waycross, Georgia, has filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983

[1] in connection with his previous confinement at Hays State Prison in Trion, Georgia.

The Court granted plaintiff leave to proceed in forma pauperis [5].  The matter is now

before the Court for consideration of plaintiff's Motion for Appointment of Counsel [6]

("Motion to Appoint"), and for a frivolity screening under 28 U.S.C. § 1915A.  For the

reasons stated below, plaintiff's Motion to Appoint [6] is **DENIED**.  In addition, the

undersigned **RECOMMENDS** that plaintiff's claims against Betty Bailey-Dean and

"John Doe" Kennedy, and plaintiff's official-capacity claims against Shay Hatcher and

"John Doe" Schrader, be **DISMISSED** for failure to state a claim.  The undersigned

further **RECOMMENDS** that plaintiff's individual-capacity excessive force claims against Hatcher and Schrader be allowed to proceed.

## I.      **MOTION TO APPOINT COUNSEL**

Plaintiff seeks appointment of counsel because he is "not certified to remedy such complications that may arise of law in a complicated matter." (Mot. Appoint 1.) However,

> [a] plaintiff in a civil case has no constitutional right to counsel. . . . [T]he court should appoint counsel only in exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. . . .  The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.

McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (per curiam) (citations and internal quotation marks omitted).  Plaintiff has not shown that this case presents legal or factual issues of complexity sufficient to warrant the appointment of counsel. Furthermore, plaintiff has demonstrated the ability to present the issues adequately without the assistance of counsel.  Accordingly, the undersigned **DENIES** plaintiff's Motion to Appoint.

2

## II.    FRIVOLITY SCREENING

### A.    Standard of Review

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." Id. at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Court construes the factual allegations favorably to a pro se plaintiff and holds pro se pleadings to "less stringent standards than formal

3

pleadings drafted by lawyers . . . ."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)

(quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the

defendant deprived him of a right secured under the United States Constitution or

federal law, and (2) such deprivation occurred under color of state law." <u>Richardson</u>

<u>v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (citing <u>U.S. Steel, LLC v. Tieco, Inc.</u>,

261 F.3d 1275, 1288 (11th Cir. 2001) and <u>Arrington v. Cobb Cnty.</u>, 139 F.3d 865, 872

(11th Cir. 1998)).

**B.**    <u>**Discussion**</u>

Plaintiff brings this action against the following corrections officials in their

individual and official capacities:  Deputy Warden of Security Shay Hatcher, Assistant

Warden of Care and Treatment Betty Bailey-Dean, and Correctional Emergency

Response Team ("CERT") Officers "John Doe" Kennedy and "John Doe" Schrader.

(Compl. [1] 1, 3.)  Plaintiff alleges that, on May 18, 2012, a fight involving two

inmates, a sergeant, and an officer broke out in the prison dining hall.  (<u>Id.</u> at 3.)

Hatcher, Kennedy, and Schrader responded and "proceeded to pepper spray, grab and

assault inmates at random, who were not involved in the altercation." (<u>Id.</u>)  Kennedy

"grabbed" plaintiff, and Schrader pepper sprayed plaintiff.  (<u>Id.</u>)  Plaintiff was "hit in

AO 72A
(Rev.8/8
2)

the head with a baton" and "slammed to the floor on [his] face," but it is unclear who performed those actions.  (Id.)  While plaintiff was lying "on the floor dazed and handcuffed," Hatcher kicked him in the face, causing him to lose consciousness.  (Id. at 4.)  When plaintiff awoke, he was bleeding from his mouth and nose.  (Id.)  He heard other inmates being assaulted and also heard Hatcher instructing an officer to assault an inmate.  (Id.)  Plaintiff was then taken to the "yard pen."  (Id.)  He suggests that he asked Bailey-Dean for help, including water and medical treatment, but did not receive anything.  (Id.)  However, on May 19, 2012, at approximately 2:30 a.m., plaintiff received medical treatment.  (Id.)  He also received "multiple fictitious charges, including assaults [and] disturbances."  (Id.)  Plaintiff seeks monetary and injunctive relief, namely, defendants' termination from their jobs.  (Id.)

      1.    **Excessive Force**

"Whenever prison officials stand accused of using excessive physical force" constituting "unnecessary and wanton infliction of pain," the key issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  "[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain. . . .  The use of force must stop when the need for it to maintain or

AO 72A
(Rev.8/8
2)

restore discipline no longer exists." <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1304 (11th Cir. 2002) (citation omitted).  Applying this standard, courts consider:  (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam) (citations omitted).

Plaintiff states an individual-capacity excessive force claim against Hatcher on the basis of the allegation that Hatcher kicked plaintiff in the face while plaintiff was lying "on the floor dazed and handcuffed."  (Compl. 4.)  Plaintiff also states an individual-capacity excessive force claim against Schrader on the basis of the allegation that Schrader pepper sprayed plaintiff, apparently without justification.  However, plaintiff has not stated an excessive force claim against Kennedy.  Plaintiff alleges that Kennedy "grabbed" him, but there is no allegation that this action resulted in pain.  (<u>Id.</u> at 3.)  It is also unclear from the Complaint how plaintiff was "hit in the head with a baton" and "slammed to the floor on [his] face."  (<u>Id.</u>)  Plaintiff has not explicitly ascribed those actions to Schrader, Kennedy, or anyone else.

6

As to plaintiff's official-capacity excessive force claims, "[a] state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity . . . ." <u>Lancaster v. Monroe Cnty.</u>, 116 F.3d 1419, 1427 (11th Cir. 1997) (citations omitted).  Because Georgia has not waived its immunity and Congress has not abrogated it, plaintiff may not pursue excessive force claims against Hatcher and Schrader in their official capacities.

### 2.    <u>Medical Treatment</u>

Deliberate indifference to a prisoner's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976); <u>Marsh v. Butler Cnty.</u>, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

> To prevail on a claim for inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. . . .  He must show an objectively serious deprivation of medical care by demonstrating (1) an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm, and (2) that the prison official's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. . . .  A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. . . .  To satisfy this requirement, a prisoner can show the

7

> prison official's:  (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.

Barnes v. Martin Cnty. Sheriff's Dep't, 326 F. App'x 533, 534-35 (11th Cir. 2009) (per curiam) (citations and internal quotation marks omitted).

Plaintiff alleges that he asked Bailey-Dean for help, including water and medical treatment, but she failed to respond.  Plaintiff was treated on May 19, 2012, at approximately 2:30 a.m.  Plaintiff does not state the time of his injury in the dining hall on May 18, 2012 or the time when he asked Bailey-Dean for help.  "In cases that turn on the delay in providing medical care, rather than the type of medical care provided," courts consider:  "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay."  Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007).  Plaintiff fails to allege facts regarding the reason for the delay and its impact on his medical condition.  Plaintiff also does not allege any facts regarding Bailey-Dean's intent.  Having failed to allege facts demonstrating the objective and subjective requirements, plaintiff has not stated a deliberate indifference claim against Bailey-Dean.

8

III.   **CONCLUSION**

For the reasons stated above, plaintiff's Motion to Appoint [6] is **DENIED**.  The undersigned **RECOMMENDS** that plaintiff's claims against Betty Bailey-Dean and "John Doe" Kennedy be **DISMISSED** for failure to state a claim.  The undersigned **RECOMMENDS** that plaintiff's official-capacity claims against Shay Hatcher and "John Doe" Schrader be **DISMISSED** for failure to state a claim.  However, the undersigned **REPORTS** that plaintiff's individual-capacity excessive force claims against Hatcher and Schrader are not frivolous, and **RECOMMENDS** that they be allowed to proceed as in any other civil action.

The undersigned **FURTHER RECOMMENDS** that, upon adoption of this Report and Recommendation, this action be returned to the undersigned for further proceedings, including issuance of an Order regarding service of process.

**SO ORDERED and RECOMMENDED**, this 17th day of May, 2013.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

9